MEYER v. BERMUDA–ATLANTIC S. S. CO.

(Supreme Court, Appellate Term.   April 17, 1912.)

1. APPEAL AND ERROR (§ 1140*)—REVIEW—AFFIRMANCE—CONDITIONS.

Where the testimony of the principal witness on the trial of a counter-
claim by an employer against an employé for the loss of property was
given under a mistake, and the property lost was much less in amount
than claimed, the measure of damages was improper; and, although
this testimony was not objected to, the judgment will only be affirmed
if the employer stipulates to reduce the recovery.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4462–
4478; Dec. Dig. § 1140.*]

2. TRIAL (§ 45*)—RECEPTION OF EVIDENCE—EXHIBITS.

Where the offer of an exhibit in evidence can be construed to cover
the whole exhibit, it will be so regarded; an offer of the whole exhibit
being the proper practice.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 110–114; Dec.
Dig. § 45.*]

Seabury, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, First Dis-
trict.

Action by Charles F. Meyer against the Bermuda-Atlantic Steam-
ship Company.   From a judgment for defendant on its counterclaim
after a trial by the court without a jury, plaintiff appeals.   Reversed,
unless defendant consents to reduce judgment.

Argued February term, 1912, before SEABURY, GUY, and BI-
JUR, JJ.

Leonard McGee, of New York City, for appellant.
Israel B. Leibson, of New York City, for respondent.

BIJUR, J.   This action was brought by plaintiff to recover moneys
alleged to be due him on account of compensation as chief steward
of a steamship and for a balance on an adjustment of his accounts.
The correctness of the decision against him on his own claim is
scarcely raised on this appeal.

The counterclaim was interposed to recover losses of tableware and
linen belonging to the ship and admitted to have been placed in plain-
tiff's care.   On the question of his responsibility for the loss, it seems
to me that the agreement between the parties was properly interpreted
by the court below as placing the liability in the first instance upon the
plaintiff, with the right on his part to charge the whole or any part
of the loss upon his subordinate stewards in a proper case.   No at-
tempt having been made by plaintiff to establish such liability of oth-
ers, his own responsibility stands unimpaired.

[1] A nice question is raised as to the amount of the loss.   De-
fendant's chief witness on this score, when asked to examine certain
exhibits and to state the value of the articles missing, as between
the list receipted for by plaintiff and the inventory taken by the
ship's officers at the time of plaintiff's discharge, gave the value of
the silverware lost as $395.27 and of the linen as $232.97.   An ex-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

amination of defendant's Exhibit D shows that these figures were the summation of the detailed valuation put upon the difference in the number of articles listed as *originally bought for the steamship* and the amount on hand as expressed in the inventory. I cannot shut my eyes to the fact that this testimony given by the witness, although not objected to, was palpably given under a misapprehension, and that the gross amount testified to by him, namely, $628.24, was based, not upon the difference in the number of articles between plaintiff's receipt and the inventory, as it should have been, but between the number of articles originally bought for the steamship and the inventory. As the exhibits show that the plaintiff receipted for a considerably smaller number of these articles than were originally purchased for the steamship—in other words, that a large number had been lost before his appointment as chief steward—the measure of damage is plainly an improper one.

[2] Plaintiff's position in regard to how much of Exhibit D is in evidence is rather inconsistent, he claiming at one point that only the column which shows the inventoried number of articles is in evidence, and yet, at another point, he appeals to the entire exhibit. On examining the testimony, I find that the offer in evidence is capable of the construction that the entire exhibit was so placed, and, as that is the proper practice (see Hanlon v. Ehrich, 178 N. Y. 474, 480, 71 N. E. 12; Larue v. Rowland, 7 Barb. 107, 112), I think that the entire exhibit should be regarded as before the court. A careful examination of the exhibits and a calculation of the correct differences leads me to the opinion that a manifest injustice has inadvertently been done to the plaintiff, and that the amount of the counterclaim, and consequently the judgment, should be reduced by $150.

If the defendant will consent to a reduction of the judgment in its favor to $350 and costs, the same will be affirmed at that amount, without costs of this appeal; otherwise, the judgment will be reversed, and a new trial ordered, with costs to the appellant to abide the event.

GUY, J., concurs.

SEABURY, J. (dissenting). It is my opinion that the evidence adduced upon the question of damages is wholly insufficient to sustain the judgment. As the amount of damages suffered by the defendant cannot be accurately ascertained from the record, we are in no position to modify the judgment that has been rendered.

In my opinion, the judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event.